*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARSHA SCHROEDER, Personal Representative of the ESTATE OF KATHLEEN M. MACHELSKI,

Plaintiff-Appellant,

v

GREAT LAKES PHYSICIANS ORGANIZATION, PC,

Defendant,

and

SUBBARAO CHAVALI, M.D.,

Defendant-Appellee.

UNPUBLISHED
August 06, 2026
2:19 PM

No. 373754
Bay Circuit Court
LC No. 2020-003450-NH

Before: GADOLA, C.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, the Estate of Kathleen M. Machelski, by its personal representative Marsha Schroeder, appeals by leave granted[1] the trial court's order granting partial summary disposition to defendant, Dr. Subbarao Chavali, under MCR 2.116(C)(10). We reverse in part and remand for further proceedings consistent with this opinion.

---

[1] *Estate of Kathleen M Machelski v Great Lakes Physicians Org*, unpublished order of the Court of Appeals, entered June 5, 2025 (Docket No. 373754).

-1-

I.  FACTS

On May 9, 2016, Kathleen Machelski visited Dr. Subbarao Chavali to help manage her atrial fibrillation,[2] and Dr. Chavali prescribed her Coumadin[3] therapy.  Machelski had a high level of Coumadin in her system after several months of treatment, and plaintiff alleges that the high level of Coumadin resulted in a subarachnoid hemorrhage or stroke.  Machelski was treated in a hospital and a rehabilitation facility for the side effects and complications from the stroke.  More than a year after her stroke, Machelski fell and suffered a brain bleed that ultimately led to her death.  The parties dispute, and the ongoing litigation concerns, whether this fall was caused from complications of the stroke.

Machelski's daughter, Marsha Schroeder, filed this wrongful death action on behalf of Machelski's estate, alleging that Dr. Chavali was negligent in providing medical care to Machelski.[4]  Throughout the pendency of the case, plaintiff argued that Machelski had been providing household and caretaking services to her husband prior to her death and, therefore, the damages for Dr. Chavali's alleged negligence included the loss of her caretaking services.  Dr. Chavali filed a motion for partial summary disposition as to any of plaintiff's claims for damages that included the loss of Machelski's caretaking services to her husband.  After Dr. Chavali filed his motion for partial summary disposition, our Supreme Court released *Daher v Prime Healthcare Servs.-Garden City, LLC*, 515 Mich 254; 29 NW3d 136 (2024), which Dr. Chavali argued supported his motion.

The trial court dismissed "[p]laintiff's claims for loss of earning capacity damages and loss of household services" because it found that it was obligated to do so under *Daher*.  Specifically, it held that our Supreme Court had interpreted MCL 600.2922(6) to allow recovery for only the damages listed in the statute, and because household services is a separate and distinct form of damages not specifically listed in MCL 600.2922(6), it must be excluded.

We granted leave to appeal, limited to the issue "whether the trial court erred when it determined that MCL 600.2922(6) does not authorize recovery for the value of services that would have been performed by the decedent."[5]

---

[2] Atrial fibrillation is an irregular heart rhythm. This condition increases a person's chance for blood clots and strokes.

[3] Coumadin is a blood thinner that helps reduce the risk of blood clots.

[4] Plaintiff also named Great Lakes Physicians Organization, P.C., in the complaint, and alleged that they were vicariously liable for Dr. Chavali's alleged negligence.  However, Great Lakes Physicians Organization was later dismissed by stipulation without prejudice.

[5] *Estate of Kathleen M Machelski v Great Lakes Physicians Org*, unpublished order of the Court of Appeals, entered June 5, 2025 (Docket No. 373754).

-2-

## II. DISCUSSION

On appeal, plaintiff argues that the trial court erred by granting defendant's motion for partial summary disposition regarding plaintiff's claims for damages. Whether "a particular kind of damages is recoverable for a given cause of action is a question of law," *Daher*, 515 Mich at 261, and this Court reviews questions of law, as well as a trial court's ruling on a motion for summary disposition, de novo, *Smith v Beaumont Health*, ___ Mich ___, ___; ___ NW3d ___ (2026) (Docket Nos. 167716 and 167720), slip op at 8, 12. Defendant moved for summary disposition in relevant part under MCR 2.116(C)(10), which tests the factual sufficiency of a claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In reviewing a motion brought under MCR 2.116(C)(10), the facts are viewed in the light most favorable to the nonmoving party and it is properly granted if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v General Motors Corp*, 469 Mich at 183. This Court also reviews "de novo matters of statutory interpretation." *Bowerman v Red Oak Mgt Co., Inc.*, ___ Mich ___, ___; ___ NW3d ___ (2026) (Docket no. 167718), slip op at 7 (citation omitted). "The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language." *Id*. (quotation marks and citation omitted).

Plaintiff argues that the trial court erred in concluding that the Wrongful Death Act (WDA) excludes the loss of household or caretaking services. Our Legislature has established that "[a]ctions on claims for injuries which result in death shall not be prosecuted after the death of the injured person except pursuant to" the WDA. MCL 600.2921. Our Supreme Court has characterized MCL 600.2921 and MCL 600.2922 as a "filter" through which an underlying claim may proceed. See *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 88; 746 NW2d 847 (2008). Under MCL 600.2922(6), the Legislature limited the damages that may be recovered in a wrongful-death action, notwithstanding the damages that might be recoverable in the underlying action. That subsection provides, in relevant part:

> In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased. [MCL 600.2922(6).]

Our Supreme Court, in *Daher* instructed that it was important to consider the history of the changes to the WDA in light of judicial interpretation. *Daher*, 515 Mich at 264-266. The Legislature first enacted the predecessors to MCL 600.2921 and MCL 600.2922 in 1939. See 1939 PA 297. When it enacted 1939 PA 297, the Legislature altered two earlier statutes—referred to as the death act and the survival act—which separately provided for recovery of certain damages by the decedent and the decedent's survivors. See 1948 CL 691.583 (stating that the WDA repealed 1848 PA 38 and 1915 PA 314 to the extent that they were inconsistent with the new act). Over

the years, our Supreme Court and this Court have interpreted the limitations on damages provided under the WDA as it existed in various forms.

In *Baker v Slack*, 319 Mich 703, 713-715; 30 NW2d 403 (1948), our Supreme Court interpreted an earlier version of the WDA, which stated that a family member of the decedent could recover for pecuniary injuries, to hold that the person claiming damages from the decedent's death must show that he or she was entitled to support or maintenance from the decedent. Specifically, the Court recognized that while a husband could recover for the loss of his wife's services as a pecuniary injury, family members could not always recover a decedent's lost future earnings as a pecuniary injury on the ground that the family member would have inherited some portion of the lost income. *Id*. at 714-715.

In *Breckon v Franklin Fuel Co*, 383 Mich 251; 174 NW2d 836 (1970), our Supreme Court held that, because the statute then limited damages to pecuniary injuries, the WDA did not allow compensation for loss of companionship. *Id*. at 277-278. Instead, it limited the damages that could be recovered to those damages suffered by persons who depended on the deceased for support or services. *Id*. at 262-263. The Legislature responded to that decision by amending the WDA to remove the reference to pecuniary injury and adding loss of society and companionship as a form of compensable damages. See *Crystal v Hubbard*, 414 Mich 297, 322; 324 NW2d 297 (1982) (stating that the Legislature amended the statute to remove the pecuniary injury language and added the loss of society and companionship language as a clear rejection of the majority's decision in *Breckon*).

In 2008, this Court interpreted the most recent version of the WDA and held that the Legislature's decision to insert the word "including" into MCL 600.2922(6) before listing the damages that could be recovered demonstrated that the Legislature did not intend to limit the damages to the enumerated types. See *Thorn v Mercy Mem Hosp Corp*, 281 Mich App 644, 650-653; 761 NW2d 414 (2008), overruled by *Daher*, 515 Mich at 282. For that reason, this Court held that damages for the loss of services were recoverable under the WDA. *Id*. at 658-661. This Court then clarified, on the basis of the statutory amendment, that the WDA permitted damages for lost earnings. See *Denney v Kent Co Rd Comm*, 317 Mich App 727, 732; 896 NW2d 808 (2016), overruled in part by *Daher*, 515 Mich at 282.

As discussed above, our Supreme Court recently interpreted the WDA in *Daher,* which involved whether the estate of a deceased 13-year-old child could recover the child's future earnings on behalf of his family members. *Daher*, 515 Mich at 259-261. In so doing, our Supreme Court rejected the interpretation from *Thorn* that the Legislature's decision to add the term "including" to the WDA's list of recoverable damages abrogated the decision in *Baker* and was intended to make the list of damages that could be recovered open-ended. *Id*. at 277-279. Our Supreme Court concluded that damages for lost future earnings were not recoverable under the current version of the WDA. *Id*. at 282.

Importantly, however, "loss-of-services" damages is distinct from "damages for lost future earnings," and, as this Court has recently held, "loss-of-services damages remain available under the WDA following *Daher*, as they have been since Michigan's death act was enacted in 1848." *Demott v VHS Harper-Hutzel Hosp, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket

-4-

No. 369500); slip op at 9.[6]  In the current case, the trial court held that MCL 600.2922(6), prohibited any damages for the loss of Machelski's caretaking services when considering our Supreme Court's decision in *Daher*, 515 Mich at 259-261.  But, as this Court held in *Demott*, loss-of-services damages are still recoverable under the WDA.

Defendant argues that this Court's holding in *Demott* is somehow contrary to our Supreme Court's holding in *Daher*, but defendant ignores that our "Supreme Court has never held that loss-of-services damages are unavailable under the WDA."  *Demott*, ___ Mich App at ___; slip op at 8.  *Daher* did not address the issue of loss-of-services damages, but *Demott* makes clear that "loss-of-services damages remain available under the WDA. . . ." *Id*. at ___; slip op at 9.  Therefore, the trial court erred when it held that plaintiff was prohibited from seeking damages for the loss of Machelski's services under *Daher*.

Lastly, plaintiff argues that the trial court denied recovery for social security benefits when it determined that plaintiff could not recover for lost future-earning capacity.  But, as defendant concedes, the trial court has made no determination concerning the decedent's social security benefits.  Therefore, this issue is not properly before this Court and will not be considered.

Reversed in part and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Brock A. Swartzle

---

[6] Our Supreme Court has recently granted leave to appeal in *Demott*.  Specifically, our Supreme Court instructed the parties to brief:

> (1) whether the wrongful death act (WDA), MCL 600.2922, permits recovery of damages for the loss of a decedent's household services and, specifically, for loss of services of a minor child after the age of majority; (2) if the WDA does permit such damages, whether a claim for lost services by an infant decedent is too speculative; and (3) if such a claim is permitted under the WDA as a matter of law and is not inherently too speculative, whether it is necessary for the plaintiff to show a reasonable expectation of services. [*Demott v VHS Harper-Hutzel Hospital*, ___ Mich ___, ___; 28 NW3d 708 (2025) (Docket No. 168977).]